UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
EDMOND NIEMCZURA III,

                 Plaintiff,                               **MEMORANDUM** and
                                                                   **ORDER**
   - against -

                                                                   CV 04-5452 (TCP)(MLO)

CORAL GRAPHICS SERVICES, INC.

                 Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
PLATT, District Judge:

        Defendant Coral Graphics Services, Inc. ("Defendant" or "Coral") moves to dismiss Plaintiff Edmond Niemczura's ("Plaintiff" or "Niemczura") complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) on the ground that Plaintiff fails to state a claim upon which relief may be granted. For the following reasons, Defendant's motion is **DENIED**.

## BACKGROUND

        Plaintiff is a resident of New York and was employed by defendant Coral, a domestic business corporation resident in New York, County of Suffolk. (Compl. ¶¶ 4, 7, 9.)

        Niemczura claims that he is disabled and suffers from a back condition. *(Id.* ¶¶ 17, 20.) He began employment with Coral in or about late 1999 as a sample clerk. (*Id.* ¶ 14; Def.'s Mem. Supp. Mot. Dismiss ("Def.'s Mot. Dismiss") at 1.)

        On or about February 28, 2000, Niemczura injured his lower back and both legs while working in Coral's warehouse. He filed a claim for benefits with the Worker's Compensation Board, and he missed one week of work. (Compl. ¶ 17; Def.'s Mot. Dismiss at 1.)

        In 2002, Niemczura was reassigned to a paper handler position in Coral's

1

warehouse, a job which required more physical labor than his prior position. (Compl. ¶ 19; Def.'s Mot. Dismiss at 1.) Niemczura contends that, from 2002 through April 2004, he suffered a "progressive physical deterioration." Specifically, Plaintiff claims that his previous back injury worsened as a result of the physical labor required by his new job. (Compl. ¶ 20.) Plaintiff alleges that he possesses documents which evidence his physical condition. (Compl. ¶ 24.) Despite this alleged condition, Plaintiff maintains he performed all his work in a satisfactory manner. (Compl. ¶ 16.)

In March 2004, as a result of his injuries, Niemczura made repeated requests for a transfer to the less strenuous position of billing clerk. (*Id.* ¶ 21; Def.'s Mot. Dismiss at 1.) Plaintiff contends that although Defendant knew such a position was available, Plaintiff was never offered the position. (Compl. ¶ 21).

On April 20, 2004, Niemczura underwent an Independent Medical Examination ("IME") ordered by the worker's compensation carrier handling his claim for benefits. (Compl. ¶ 22.) The IME indicated that Niemczura was not injured. (Def.'s Mot. Dismiss at 2.)

On April 27, 2004, Niemczura was terminated by Coral, allegedly because of Plaintiff's low productivity and a decision to reduce its warehouse workforce. (Compl. ¶ 23; Def.'s Mot. Dismiss at 1.) Plaintiff, on the other hand, alleges that he was terminated at least in part because of his disability. (Compl. ¶ 27.) Following his termination, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Def.'s Mot. Dismiss at 1-2.) On or about September 16, 2004, the EEOC determined that Plaintiff had not alleged sufficient facts to establish a violation of the Americans with Disabilities Act ("ADA")

and issued Plaintiff a Dismissal and Notice of Rights. (Compl. Ex. A ¶ 6; Def.'s Mot. Dismiss at 2.)

Plaintiff filed a complaint with the clerk of this Court on December 16, 2004. He seeks *inter alia* money damages and reinstatement. (Compl. ¶¶ 28, 36.) Defendant submitted the instant 12(b)(6) Motion to the Court on July 1, 2005.

## ANALYSIS

In order to prevail under Rule 12(b)(6), a defendant must show that the plaintiff can prove no set of facts in support of its claim which would entitle the plaintiff to relief. *Tarshis v. Riese Org.*, 211 F.3d 30, 35 (2d Cir. 2000), *abrogated on other grounds*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). Courts must accept as true all of the factual allegations set out in the complaint, draw inferences from those allegations in the light most favorable to the plaintiff, and construe the complaint liberally. *Alnwick v. European Micro Holdings Inc.*, 281 F. Supp. 2d 629, 637 (E.D.N.Y. 2003) (citing *Desiderio v. National Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 202 (2d Cir. 1999); *see also Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996) ("The Court must also construe all reasonable inferences in favor of the Plaintiff.") Under Rule 12(b)(6), a court must confine its consideration to "facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken. *Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991).

### I. Claims Under the Americans with Disabilities Act

The ADA prohibits discrimination against certain individuals with "a disability because of the disability of such individual in regard to job application procedures, [including] the hiring, advancement, or discharge of employees . . . ." 42 U.S.C. § 12112(a). To make out a *prima facie* case under the ADA, a plaintiff must establish that: (1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered adverse employment action because of his disability. *Heyman v. Queens Vill. Comm. for Mental Health,* 198 F.3d 68, 72 (2d Cir. 1999) (citing *Ryan v. Grae & Rybicki, P.C.,* 135 F.3d 867, 869-70 (2d Cir. 1998)); *see also Giordano v. City of New York*, 274 F.3d 740, 747 (2d Cir. 2001). The first prong is not in dispute. (Pl.'s Opp. Mem. Mot. Dismiss at 6; Def.'s Mot. Dismiss at 4.) The next three shall be taken in turn.

A. "Disability"

Section 12102(2) of the Americans with Disabilities Act states in pertinent part:

(1) The term "disability" means, with respect to an individual--
> (A) A physical or mental impairment that substantially limits one or more of the major life activities of such individual;
> (B) a record of such impairment; or
> (C) being regarded as having such impairment.

1. *Disability under Section 12102(2)(A)*

Defendant argues that Niemczura does not identify a "major life activity" that was substantially limited by his disability. Defendant compares the Plaintiff's claim to the claim brought under the ADA in *Frudakis v. Suffolk County Dep't. of Pub. Works*, 142 F. Supp. 2d 339

(E.D.N.Y. 2001), which this Court dismissed. *Frudakis*, though, is inapposite. In that case, the complaint listed only the plaintiff's "limitations and conditions" with no mention of how these ailments limited any major life activity. *Id.* at 342. Here, the Complaint states that Niemczura's back injury became "exaserbated [sic] as a result of the physical labor which he was required to perform" and that "as a result of his physical condition, Plaintiff requested a transfer to a less strenuous job position." (Compl. ¶ 21.) These allegations, taken together, and examined in a light most favorable to the Plaintiff, indicate that Niemczura's ability to work was substantially limited by his disability.

The EEOC regulations interpreting the ADA make clear that "working" constitutes a major life activity. *See* 28 C.F.R. § 35.104(4); *see also Bartlett*, 226 F.3d 69, 79 (2d Cir. 2000) (holding that EEOC regulations on the meaning of "disability" are entitled to great deference). These regulations state that with respect to the major life activity of working, the term "substantially limited" means:

> significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.

29 C.F.R § 1630.2(j)(3); *see also Sutton*, 527 U.S. at 492 ("to be substantially limited in the major life activity of working . . . one must be precluded from more than one type of job, a specialized job, or a particular job of choice.")

Defendant argues that Plaintiff's disability only affected his work in his current position, and thus a wide range of employment opportunities were not foreclosed. (Def.'s Mot.

Dismiss at 6-7.) Defendant, however, concedes that Plaintiff's job as a paper handler in a warehouse was more strenuous than his position as a sample clerk. (Def.'s Mot. Dismiss at 1). This Court may reasonably infer that any physically strenuous position, including a position other than that of paper handler, could have been foreclosed by the Defendant's alleged back injury. In fact, EEOC regulations specifically state that an individual whose back condition prevents the performance of heavy labor is substantially limited in the major life activity of working. *See* Appx. to 29 C.F.R. § 1630.2.

Defendant further argues that because Plaintiff seeks reinstatement to his former position, his ability to work in that position could not have been substantially limited. (Def.'s Reply Mem. at 3.) Indeed, Defendant repeatedly calls Plaintiff's request for reinstatement "incredibl[e]" (*Id.*; Def.'s Mot. Dismiss at 7.) However, Plaintiff's request is far from incredible, as courts have consistently held that reinstatement is the overarching preference among all equitable remedies under the ADA. *Quint v. A.E. Staley Mfg. Co.,* 172 F.3d 1, 20 (1st Cir. 1999); *see also Selgas v. American Airlines, Inc.*, 104 F.3d 9, 12 (1st Cir. 1997), *Kisch v. Fleet Street Ltd.*, 148 F.3d 149, 168 (2d Cir. 1998) ("the ADEA allows the court, in its discretion, to order reinstatement"). Reinstated employees are often given reasonable accommodation to perform their jobs.[1] *See Quint*, 172 F.3d at 7 (noting a number of

---

[1] The Americans with Disabilities Act defines "Reasonable Accommodation" as:

> (A) making existing facilities used by employees readily accessible to and usable by individuals with disabilities; and
>
> (B) job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities.

42 U.S.C. § 12111(9)

6

recommendations made by an ergonomist that could accommodate plaintiff's carpal tunnel syndrome upon reinstatment). Here, Plaintiff had difficulty performing his job duties because of his alleged disability and would likely need reasonable accommodation should this Court order his reinstatement. As such, Plaintiff's request for reinstatement does not necessarily imply that he is not disabled. In sum, the Defendant's objections are without merit and Plaintiff has made sufficient factual allegations to meet the definition of disabled under Section 12102(2)(A).

    2. *Disability under 12102(2)(C)*

Even if Plaintiff was not substantially limited in a major life activity, he would still qualify as disabled under the ADA because he was "regarded as having such impairment." 42 U.S.C. § 12102(C). An employee is regarded as disabled if he *inter alia*, "[h]as a physical or mental impairment that substantially limits major life activities only as a result of attitudes of others toward such impairment." 29 C.F.R. § 1630.2. It is not enough that the employer believes the employee was somehow disabled; rather, the plaintiff must show that the employer regarded the individual as disabled *within the meaning of the ADA*. *Colwell v. Suffolk County Police Dept.*, 158 F.3d 635, 646 (2d Cir 1998) (quoting *Francis v. City of Meriden*, 129 F.3d 281 (2d Cir. 1997)) (emphasis added). In other words, Niemczura must demonstrate that Coral believed he was substantially limited in his ability to work.

Here, it may be inferred that the Defendant regarded Plaintiff as disabled because (1) Plaintiff was injured on the job in 2000, (2) Plaintiff repeatedly requested a less strenuous position, and (3) Plaintiff suffered a progressive physical deterioration while working in Defendant's warehouse. (Compl. ¶¶ 17, 20, 21.) It may be further reasoned that Coral regarded the Plaintiff as substantially limited in his ability to work because Coral terminated his

7

employment only a week after Niemczura completed an IME. Plaintiff's decision to take such an exam in hopes of demonstrating a disability may have indicated to Coral that Plaintiff was in fact, disabled.[2]

B. "Reasonable Accommodation"

To prevail on a *prima facie* case under the ADA, plaintiff must also show that a reasonable accommodation existed for his disability or that he was otherwise qualified for the position. The ADA provides that "reassignment to a vacant position" may be a reasonable accommodation. 42 U.S.C. § 12111(9). To prevail on a claim for failure to provide reassignment, the plaintiff bears the burden of showing a suitable vacant position exists for which the plaintiff is qualified. *Jackan v. N.Y.S. Department of Labor*, 205 F.3d 562, 567 (2d Cir. 2000). Plaintiff must also show that the employer had notice of the disability and failed to provide a reasonable accommodation. *Sussle v. Sirina Protection Systems Corp.*, 269 F. Supp. 2d 311, 312 (S.D.N.Y. 2003).

Defendant first incorrectly argues that Plaintiff failed to allege the existence of a vacant position. In fact, the Complaint states that Defendant refused Plaintiff's request for transfer, despite "the known availability of the desired position." (Compl. ¶ 21.) Defendant then argues that Plaintiff failed to allege that the position was equivalent or similar to his former

---

[2] There are, of course, other ways to interpret Coral's decision to terminate Niemczura one week after the Independent Medical Exam came back negative. Defendant would likely argue that Plaintiff was fired because Coral believed he was faking a disability. However, as noted above, this Court must consider the allegations "in a light most favorable to the plaintiff." *Continental Kraft Corp. v. Euro-Asia Development Group, Inc.*, 1997 WL 642350, *2 (E.D.N.Y. Sept. 23, 1997). Thus, for purposes of this motion, this Court will defer to Plaintiff's reasonable interpretation of the facts. *See Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996)

position or that he was qualified for the position. Plaintiff is not required to make allegations in such detail. The Second Circuit has held that "[*o*]*nce the litigation has begun*, the plaintiff can utilize liberal discovery procedures of the Federal Rules of Civil Procedure, including interrogatories, deposition, and document demands, to identify vacancies that existed at the pertinent time." *Jackan*, 205 F.3d at 568 (emphasis added); *see also* Fed. R. Civ. P. 8(a)(2) (holding that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief.") Implicit in *Jackan's* holding is that Plaintiff will not know the specifics of relevant vacancies before discovery begins, and therefore, need not make highly detailed allegations in the Complaint.

Defendant cites *Parisi v. Coca Cola Bottling Co. of N.Y.*, 995 F. Supp. 298, 303 (E.D.N.Y. 1998) for the proposition that an employer does not have a duty to transfer a disabled employee unable to perform one job to another position. In *Parisi*, the plaintiff could not perform his job duties and requested transfer to another position. The plaintiff did not allege that any adjustment would allow him to return to his former job and did not request reinstatement. Plaintiff also did not aver the existence of a vacant position. *See id.* at 303. The *Parisi* court based its decision largely on the great burden an employer would bear if forced to create vacant positions for disabled employees. *Id.* (" '[t]o construe an employer's obligation to reach as far as this plaintiff suggests would foster a regime of business management by the judiciary instead of management by the duly authorized representatives of the shareholders.' ") (internal citations omitted). *Parisi* is inapposite. Here, Plaintiff alleges that he "performed all work in a satisfactory manner" and requests reinstatement to his former position. (Compl. ¶ 16.) Thus, the burden on Coral is less than the burden on Coca Cola in *Parisi*, because Coral has the option of

9

reinstatement and is not required to find a vacant position. Furthermore, unlike the plaintiff in *Parisi*, Niemczura claims that the desired position was available, an allegation which must be taken as true. (Compl. ¶ 21.)

Plaintiff must also show that the employer was on notice of the disability. *Sussle*, 269 F. Supp. 2d at 312; *see also* 42 U.S.C. § 12112(b)(5)(A). The employer has a duty to accommodate disabilities that are apparent to it, even if the plaintiff fails to notify the employer. *See Stola v. Joint Industry Bd.*, 889 F. Supp. 133, 135 (S.D.N.Y. 1995), *Durrant v. Chemical/ Chase Bank/ Manhattan Bank*, 81 F. Supp. 2d 518 (S.D.N.Y. 2000) (charging an employer with notice of disability despite plaintiff's failure to notify where the employer knew that plaintiff had been hospitalized for psychiatric reasons). Here, Niemczura took no affirmative steps to notify Coral that he was disabled. (Def.'s Mot. Dismiss at 7.) However, it may be reasonably inferred that Coral was on notice because the company knew (1) Plaintiff had injured his back on the job, (2) Plaintiff made numerous requests for transfer to a less strenuous position, and (3) Plaintiff suffered a progressive physical deterioration while working in Defendant's warehouse. (Compl. ¶¶ 17, 21.) In light of the foregoing, this Court finds Plaintiff has made out a *prima facie* case of reasonable accommodation.

C. <u>Whether Plaintiff suffered adverse employment action because of his Disability</u>

Plaintiff alleges that he was terminated at least in part because of his disability. (Compl. ¶ 27.) Defendant alleges that Coral decided to reduce its workforce and Plaintiff's position was eliminated because he was the least productive of the four paper handlers in the warehouse. (Def.'s Mot. Dismiss. at 1). As this Court has already found that Plaintiff

10

sufficiently alleged that he had a disability, and that Defendant failed to make a reasonable accommodation, this Court, "taking the facts in light most favorable to the Plaintiff" may reasonably infer that the Defendant terminated Plaintiff's employment because of the disability. Accordingly, Plaintiff's ADA claim survives Defendant's 12(b)(6) Motion.

**II. Claims Under the New York State Human Rights Law**

In the Complaint, Plaintiff mistakenly brought a claim for hostile work environment under the New York State Human Rights Law (NYSHRL), instead of a claim for disability discrimination. (Compl. ¶ 32; Pl.'s Opp. Mem. at 10.) Accordingly, this Court dismisses the Plaintiff's hostile work environment claim. *See Simmons v. Abruzzo*, 49 F.3d 83, 86-87 ) (2d Cir. 1995) (citing 2 James WM. Moore et al., Moore's Federal Practice ¶ 8.10 (2d ed. 1994) [hereinafter Moore's Federal Practice] (holding that a court has the power to strike parts of the complaint which were improperly pled). This Court will allow the Plaintiff to amend his Second Claim to one for Relief for Disability Discrimination under the NYSHRL. Moore's Federal Practice ¶ 15.17(2) ("A court, at its discretion, may impose reasonable conditions when granting leave to amend.") Amendment must be made by December 2, 2005. Defendant's response is due by December 22, 2005.

**SO ORDERED**.

/S/_____
Thomas C. Platt, U.S.D.J.

Dated: Central Islip, New York
November 15, 2005